UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 18-2604 JGB (SPx)** | Date | April 24, 2020 |
|---|---|---|---|
| Title | *Ernesto Torres, et al. v. United States Department of Homeland Security, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) CONVERTING Temporary Restraining Order into Preliminary Injunction; (2) DENYING Defendants' Ex Parte Application for Reconsideration (Dkt. No. 147) (IN CHAMBERS)

Before the Court is Defendants' response to an order to show cause why the temporary restraining order ("TRO") should not be converted to a preliminary injunction. (Defendants' Response," Dkt. No. 146.) On April 24, 2020, the Court held a telephonic hearing on this matter. After considering the parties' filings and oral argument, the Court CONVERTS the TRO into a preliminary injunction.

## I. BACKGROUND

On April 11, 2020, the Court granted Plaintiffs' ex parte application for a temporary restraining order. ("TRO & OSC," Dkt. No. 144.) The Court also ordered Defendants to show cause why the TRO should not be converted into a preliminary injunction. (Id. at 15.)

Defendants filed a response to the order to show cause on April 20, 2020, (Defs.' Response (attaching Exhibits A and 1)), and concurrently filed an ex parte application for reconsideration or a stay of one aspect of the TRO, ("Application," Dkt. No. 147 (including "Kolitz Declaration," Dkt. No. 147-1, and Exhibits)). Plaintiffs opposed the Application, ("Application Opposition," Dkt. No. 148 (including "Bitran Declaration," Dkt. No. 148-1 and Exhibits)), and replied to Defendants' Response, ("Plaintiffs' Reply," Dkt. No. 151 (attaching Bell and Bleckley Declarations, and Exhibits)).

## II.  DISCUSSION

The COVID-19 pandemic, restrictions on attorney access to Adelanto, and underlying facts prompting the TRO have not significantly changed since the issuance of the TRO. Defendants have not fully complied—or have delayed complying—with many of the Court's orders, and the need for preliminary relief remains.  As a result, the Court finds Plaintiffs are likely to succeed on the merits of their claims, are likely to be irreparably harmed if the Court refuses preliminary relief, and that the public interest and equities continue to tip in Plaintiffs' favor.[1]

The disclosure of Deportation Officer ("DO") contact information continues to be a sticking point.  Neither party's proposed actions is consistent with the TRO.  Defendants have not disclosed the DO information as directed, and have attempted to require attorneys to sign an acknowledgement that threatens Plaintiffs with contempt or sanctions for the abuse of DO information by nonparties. (Application, Ex. 1.)  Plaintiffs proposed to Defendants that the numbers be posted to AILA's website, accessible to AILA members with login information. However, it is unlikely that all AILA members represent an Adelanto detainee.  Defendants shall provide the phone numbers and phone tree to attorneys and staff who request them, as directed, and may inform the attorneys or staff of the strict conditions of use imposed by the Court Order.

## III.  CONCLUSION

Accordingly, the Court GRANTS Plaintiffs' request to convert the TRO into a preliminary injunction, as follows:

1. Defendants shall promptly remove the positive acceptance requirement for telephone numbers provided by Plaintiffs and for any other attorney or legal organization that so requests.

2. Defendants shall create, implement, and advertise a process by which both attorneys and Adelanto detainees may initiate requests for free confidential telephone calls from the 21 visitation rooms available for that purpose.  Defendants should schedule most calls between 8 a.m. and 8 p.m., and attorneys should give Defendants 24 hours' notice.

    i. **Attorneys and detainees may schedule their calls more than 24 hours in advance.**

---

[1] The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); see Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2011).

3. Given the limited number of visitation rooms, calls made to designated attorney numbers from telephones located in the common areas of the housing units shall be unrecorded, unmonitored, and free of charge.  Defendants shall create, implement, and advertise a process by which attorneys may so designate their numbers.  Requests from attorneys to designate numbers included on their Attorney Licensee Profiles on the California State Bar website, or out-of-state equivalent, must be approved within 24 hours.  All other requests should be ruled on within three days.

4. Defendants shall create a drop box for detainee correspondence outside the front door of the facility, permitting attorneys (or couriers) to leave envelopes without triggering the PPE requirement to enter Adelanto.

5. Defendants shall continue their stated efforts to promptly convey messages left by attorneys with Adelanto lobby staff to have particular detainees call them.

6. Contact and non-contact attorney visits, including with medical evaluators and translators approved by regular Deportation Officer ("DO") channels, shall be allowed at Adelanto, subject to the most current ICE guidance.

7. The above relief shall be available to detained immigrants who are quarantined or cohorted.

8. Defendants shall provide numbers to DO employer-provided mobile phones and a phone tree, which may include last names and first initials only.  These telephone numbers shall be disclosed only to attorneys and their staff who represent Adelanto detainees in legal proceedings **during the period this Preliminary Injunction is in effect**.  The numbers are not to be disclosed to any third parties and shall be used only in connection with legal representation.  Defendants shall also develop an anonymized email system for Adelanto DOs.

    i. **Defendants shall provide the phone numbers and phone tree to attorneys who request them, as directed.**

    ii. **Defendants may inform attorneys or staff receiving the phone numbers of the limitations on use specified above, but no other condition or prerequisite to release shall be imposed.**

    iii. **The phone numbers shall be provided no later than five days after a request is made.  If the DO for a detainee changes, the phone number of the new DO should be provided within five days of the change.**

9. DOs shall make every effort to respond within 24 hours to requests to facilitate attorney visits with accompanying medical evaluators and translators, to requests for confirmation of receipt of documents relevant to the pandemic, and to requests regarding detainees who will be released on bond or humanitarian parole.

10. **Defendants shall advertise on the ICE Adelanto facility page[2] the processes referenced in items 1 – 3, 4, and 8 above, for attorneys, and shall provide fliers or other written notice to detainees regarding the same. The detainee notice shall be translated into the same languages as the detainee handbook, and shall be provided to current as well as new detainees. The notice should be renewed for detainees placed in cohorts, isolation, or quarantine.**

Defendants' Application is DENIED, because it fails to state an acceptable ground for reconsideration under the Local Rules. See L.R. 7-18. This Preliminary Injunction shall last for the duration of the COVID-19 pandemic, and the parties may apply to the Court to modify or dissolve the order. The Court sets a status conference for **Friday May 29, 2020 at 2:00 p.m.**

**IT IS SO ORDERED.**

---

[2] https://www.ice.gov/detention-facility/adelanto-ice-processing-center.